IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DAVID M. LAGASSE, RICHARD A.
LAGASSE, and MICHELLE LAGASSE
SHIPMAN,                                                              PLAINTIFFS,

VS.                                            CIVIL ACTION NO. 3:08CV088-P-A

FLETCHER FLY,                                                         DEFENDANTS.

## ORDER OF REMAND

This matter comes before the court upon the plaintiffs' motion to remand [5] this action to the Chancery Court of the First Judicial District of Yalobusha County, Mississippi. After due consideration of the motion, the court finds as follows, to-wit:

The instant motion to remand was filed on September 12, 2008. The defendant's deadline to respond to the motion passed on September 29, 2008. The defendant has filed no response, nor has he otherwise contacted the court to request additional time to do so. Local Rule 7.2(c)(3) requires a party to notify the court if the party intends not to respond to a motion. Local Rule 7.2(c)(2) allows the court the grant a motion to which no response was filed.

In any event, the court concludes that the motion to remand should be granted on its merits. The plaintiffs filed their action in the Chancery Court on July 18, 2007. As stated in his Notice of Removal, the defendant was served with the Complaint on July 22, 2007. The defendant filed his Notice of Removal on August 25, 2007. Pursuant to 28 U.S.C. § 1446(b), a "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Since the defendant admits that he was not served with

1

a copy of the Complaint until July 22, 2007, the deadline to remove this case expired on August 21, 2007. Thus, the defendant's August 25, 2007 removal was untimely.

Even so, the court concludes that it does not possess federal diversity jurisdiction. Though there is complete diversity among the parties, the amount of controversy requirement is not met. Attached as Exhibit "A" to the plaintiffs' motion to remand is a Stipulation which binds the actual plaintiffs, as opposed to solely their attorney, to an amount in controversy "inclusive of attorney's fees and costs" of less than $75,000.00.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) The plaintiffs' motion to remand [5] is **GRANTED**; therefore,

(2) This case is **REMANDED** to the Chancery Court of the First Judicial District of Yalobusha County, Mississippi from whence it came; and

(3) This case is **CLOSED** with all parties to bear their own costs.

**SO ORDERED** this the 3rd day of October, A.D., 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE